**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                    Cr. No. 15-1700 MCA

RANDY SHUTIVA,

     Defendant.

<u>**ORDER**</u>

     THIS MATTER is before the Court on Defendant Randy Shutiva's Motion to Modify the

Conditions of his Release. *Doc. 32*. In this Motion, Defendant asks the Court for permission to

leave La Posada halfway house and travel to Acoma, New Mexico, the location of his alleged

criminal activity, for a four-day visit to his family. Defendant explains that the purpose of this

visit is to help his father with the family farm and to be present during the time when his

daughter is due to give birth. *Id.* at 1-2. The United States opposes the Motion on the bases that

(1) Defendant has not presented any new information that would warrant changing the conditions

of his release, (2) Defendant has been charged with a violent crime, (3) allowing Defendant to

travel to Acoma, New Mexico where the victim may be would "restrict the liberty of the victim,"

and (4) there is a presumption that Defendant should be detained. *See generally doc. 33.  Doc.

31*.

     As an initial matter, the Court notes that there is no presumption of detention in this case.

The United States is incorrect in believing that 18 U.S.C. § 3142(e)(2) creates a presumption that

no condition or combination of conditions would reasonably assure the safety of the community

and the appearance of Defendant. The § 3142(e)(2) presumption only applies when the Court

finds that Defendant has been convicted of certain crimes while on pretrial release and "a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense . . . whichever is later." *Id.* Here, according to the pretrial services report, Defendant was last convicted of a crime on February 26, 2009. There is no evidence that Defendant was still serving time on this conviction within the five year period prior to the original detention hearing. Nor is there evidence that he was on release pending trial when this crime was committed. As a result, no presumption applies.

However, the Court agrees that modifying the conditions of release would be improper at this time. The Court has already carefully selected a combination of conditions that it believes are necessary to assure Defendant's appearance at Court and the safety of the community. Under these conditions, Defendant must, among other requirements, reside at a halfway house, not contact the victim or witnesses, and remain within Bernalillo County. While Defendant has complied with these conditions and not incurred any violations, this does not demonstrate that these conditions are gratuitous. Nor has Defendant provided a persuasive reason for modifying these conditions. While understandable, his desire to help his family and be present during his grandchild's birth do not change the calculus regarding what conditions are necessary to assure the Defendant's appearance at Court and the safety of the community. Although the Defendant has done well at the halfway house, the Court is concerned that he will not receive the same degree of support and monitoring during a several day visit to Acoma. In contrast, the Court would entertain a more moderate request, such as permission to visit his daughter and newborn grandchild while they are in the hospital, if Defendant's daughter does in fact give birth in a hospital. Such a request is not presently before the Court, however, and the Court does not believe that sufficient reasons exist to justify modifying Defendant's conditions of release to

allow the open-ended visit Defendant has requested. For this reason, the Court declines to modify Defendant's conditions of release. Defendant's Motion is, therefore, DENIED.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE